**Vada R. FOUT, et al., Plaintiff,**

v.

**ALLEGHENY REGIONAL HOSPITAL, INC., et al., Defendants.**

**Civ. A. No. 86–0098.**

United States District Court, W.D. Virginia, Roanoke Division.

Aug. 7, 1986.

P. Brent Brown, Martin, Hopkins, Lemon & Carter, Roanoke, Va., Laurie J. Garrigan, Preiser & Wilson, Charleston, W. Va., and Robert J. Lowe, Jr., McGuire, Woods & Battle, Richmond, Va., for plaintiff.

John T. Jessee, Woods, Rogers & Hazlegrove and George W. Wooten, Fox, Wooten & Hart, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff Vada R. Fout seeks damages for personal injuries allegedly caused by defendants Allegheny Regional Hospital, Inc., Juris Simanis, M.D., and Mark Schroeder, M.D. Defendants Simanis and Schroeder have moved to dismiss the complaint for failure to join an indispensible person as plaintiff in the action. For the reasons set forth below, the defendants' motion will be denied.

## I. BACKGROUND

On December 15, 1983, Vada R. Fout was a resident of the Commonwealth of Virginia. On that date, her son Emory R. Fout, a resident of Fort Lauderdale, Florida, was appointed guardian of Vada Fout, upon a finding in the Circuit Court for the City of Clifton Forge that Vada Fout was "mentally and physically incapable of taking proper care of her person or property and in handling and managing her estate by reason of advanced age, impaired health, and ... senile dementia." In order to ensure compliance with Va.Code § 26–59 (1985 Repl.Vol. and Supp. 1986), requiring the appointment of a resident co-guardian in cases where the primary guardian is not a Virginia resident, Mr. Elwood Mays was appointed co-guardian of Vada Fout on that same date.

While both Emory Fout and Mays were appointed guardians of Vada Fout, they have not participated to the same degree in caring for Ms. Fout and her estate. Instead, the record demonstrates that on only one occasion has Mays exercised any of his powers as co-guardian. In August 1984, Mays endorsed a check made payable to the co-guardians of Ms. Fout at the time of the sale of her residence. In all other instances, Emory Fout has exercised full control over his mother's affairs and assets. Fout is his mother's primary guardian, completely manages her bank accounts, pays her bills, and handles her estate.

The present suit stems from personal injuries allegedly suffered by Vada Fout while a patient at Allegheny Regional Hospital. Invoking the court's diversity jurisdiction, Vada and Emory Fout are the named parties plaintiff. Co-guardian Mays is not named as a party plaintiff.

## II. THE PRESENT CONTROVERSY

Defendants Simanis and Schroeder contend that the Fouts' suit should be dismissed because they have failed to join

Mays as a party plaintiff. They assert that Mays is an indispensible party under Rule 19 of the Federal Rules of Civil Procedure. Because the court does not believe Mays is an indispensible person under Rule 19, however, the defendants' motion will be denied.

## A. SHOULD MAYS BE JOINED IF FEASIBLE?

■ The starting point for analyzing whether Mays should be joined in this lawsuit is Rule 19(a). Rule 19(a) teaches that an individual should be joined if feasible if

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

Simonis and Schroeder contend that Mays, as Vada Fout's co-guardian, has an interest in this suit and should have been joined under the standard set forth in Rule 19(a). The court, however, is unconvinced. Mays' absence will not prevent the court from granting complete relief among the parties before the court. Nor will Mays' absence subject any of the parties to a substantial risk of multiple or inconsistent obligations. Finally, the court does not believe Mays' absence will impair his ability to protect his interest in the suit. While as guardian, Mays plainly has an interest in the suit, his interest is *exactly* the same as the interest of Emory Fout, his co-guardian. His interest in the suit will be represented by Emory Fout. For these reasons, the court does not believe that Mays' joinder is required by Rule 19(a).[1]

## IS MAYS AN INDISPENSIBLE PERSON?

■ Ordinarily, this court's determination that Mays' joinder is not required by Rule 19(a) would conclude its consideration of the defendants' motion. Out of an abundance of caution, however, and because of the lack of controlling precedent on the question of whether a co-guardian is a person who should be joined if feasible, the court will proceed to consider whether Mays should be considered indispensible under Rule 19(b) if Mays were to be considered a person appropriately joined under Rule 19(a).

Rule 19(b) indicates that if a person who should be joined if feasible cannot be made a party, this court should "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensible." The courts have repeatedly emphasized that questions of compulsory joinder are to be resolved flexibly and with an eye to practical considerations. *See, e.g., Provident Tradesmens*, 390 U.S. at 119, n. 16, 88 S.Ct. at 743, n. 16; *Ranger Fuel Corp. v. Youghiogheny & Ohio Coal Company*, 677 F.2d 378, 380 (4th Cir.1982). Moreover, the four factors specifically listed in Rule 19(b) are not an exhaustive list of considerations for trial courts.

Considering the instant case in light of Rule 19(b), the court is convinced Mays is not indispensible. A judgment in this action in Mays' absence will not be prejudicial to him or those already parties. A judgment rendered in Mays' absence will be adequate. Critically, if this action is dismissed, plaintiffs will not have an adequate remedy, since it appears that the statute of limitations will bar a state court action on their claim at this time. Moreover, the

1. The court is aware that Va.Code § 37.1–141 (1984 Repl. Vol and Supp. 1986) could be read, in situations where there are co-guardians, to require both guardians to participate in filing suit. The court need not decide this question, however, for the Supreme Court has made clear that the joinder of parties under Rule 19 is a question of federal law. *Provident Tradesmens Bank & Trust Company v. Patterson*, 390 U.S. 102, 125 at n. 22, 88 S.Ct. 733, 746 at n. 22, 19 L.Ed.2d 936 (1968).

record indicates that Mays has not been active in his guardianship. With the exception of the one real estate transaction in August 1984, Mays has not performed any duties as Vada Fout's guardian since his appointment. Emory Fout, on the other hand, has exercised complete control over his mother's estate and is thoroughly familiar with his mother and her estate. Vada Fout is in Florida and has no property in Virginia other than a bank account maintained to facilitate direct deposit of her Social Security checks. Under these circumstances, Mays cannot be considered an indispensible person, even if he were to be considered a person whose joinder is appropriate under Rule 19(a).

### III.  CONCLUSION

Because Mays need not have been joined under Rule 19, the defendants' motion to dismiss will be denied.